## J. W. SELLARDS v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—329, 330.]

**Objection to Ruling of the Court Necessary.**

Where a witness for the defense in a criminal case is offered, and excluded because he has remained in the courtroom and heard all the evidence, while the court had directed the witnesses to be separated and to remain out of the room until called as witnesses, and the record does not show that the defendant excepted to the ruling of the court or objected thereto, the question is not presented to the Court of Appeals because no objection or exception was taken to the court's ruling.

**Instruction in Rape Case.**

The indictment for rape may charge either or all of the modes of committing the offense of rape laid down in the statute, and if any of those charged is proved, though not all, it is not error for the court to instruct the jury that they may convict.

**Argument of Commonwealth's Attorney.**

Where a defendant in a criminal case has a legal opportunity of strengthening or explaining a fact in the case and fails to avail himself of it, or to show his inability to do so, it is not error for the commonwealth's attorney to refer to such failure in argument, but such attorney in such argument has no right to allude to the fact

that the defendant had other indictments pending against him nor to his former appearances in court.

## APPEAL FROM LAWRENCE CIRCUIT COURT.

### October 30, 1883. ·

OPINION BY JUDGE HARGIS:

The appellant, having been indicted for rape, was tried, convicted and sentenced to the penitentiary for the period of ten years. From that sentence he appeals and his counsel insists that various errors, which will be noticed in order, were committed against him at the trial.

The indictment was jointly against the appellant and Capt. Adkins but a severance was had and the appellant alone was placed on trial. After the evidence for the commonwealth was heard in chief, the appellant offered his codefendant, Adkins, as a witness. The attorney for the commonwealth objected to his testifying on the ground that, although the witnesses were ordered to be sworn and excluded from the court room, he remained and had heard all the evidence for the state. This being shown to be true the court sustained the objection and refused to allow Adkins to testify. The appellant, without excepting to the ruling of the court, avowed what he would prove by Adkins. The avowal contained material and pertinent facts and it is urged that the appellant was entitled to them before the jury and their exclusion violated his legal and constitutional rights.

While it may be the law that an accused person placed upon trial can not be deprived of the testimony of a witness by his voluntary or negligent act, unless the accused intentionally participated therein, we can not see how we are to revise the ruling of the court on this point where neither objection was made nor exception taken to the action of the court. According to Civil Cide 1876, § 333, a party may except to a decision against him, and no objection is necessary as preliminary to the exception unless the decision is made at the instance of the adverse party, then no exception can be taken unless objection shall have been made to the motion, offer or request of the adverse party. Hence the offer of the witness came from the appellant and the objection was made by the commonwealth, yet no exception was taken by the appellant to the ruling which was

adverse to him. Without an exception we are powerless to review the ruling of the lower court.

The indictment charges that the offense was committed forcibly "and against her will and consent." The instructions omitted the word "forcibly" and directed the jury if the appellant "unlawfully carnally knew Jane Bromfield, etc., against her will or consent," they should find him guilty. General Statutes 1881, ch, 29, art, 4, § 5, provides that "Whoever shall unlawfully carnally know a female * * * against her will or consent, or by force, or whilst she is insensible, shall be guilty of rape."

If under this statute the carnal knowledge is accompanied by force or is committed while the victim is insensible, the will or consent is immaterial if the force is such as to destroy free will or the insensibility of a character so that its exercise was impossible. Where, however, the victim is not insensible or subject to force while the offense is being perpetrated, then it can not exist without the act is committed against her will or consent. But it does not follow that where force is charged it must necessarily be proved, for if under an indictment like this, in which it is charged that the act was against her will and consent, the state fails to prove the force, nevertheless a conviction may be had if the carnal knowledge was had by the accused against her will or consent. Either or all of the modes of committing the offense of rape laid down in the statute may be charged in the indictment, and if any of those charged is proved, though not all, it is not error to instruct the jury that they may convict.

It is complained that the court erred in not correcting the action of the commonwealth's attorney who argued to the jury that the appellant had a bad character, or one not as good as it might be, from the fact that he failed to prove a good character and relied alone on the presumption of law. This argument was legitimate, though not strong or convincing on the point whether the appellant had committed the offense charged against him. Where a party has a legal opportunity of strengthening or explaining a fact in the case and fails to avail himself of it or to show his inability to do so, it is a fair subject for remark or candid argument.

The commonwealth's attorney ought not to have alluded to other indictments against the accused, nor to former appearances by him in his district, and the circuit court should have promptly stopped such

a course of argument; but in view of the facts of this case, we do not think it did or could have had any influence upon the jury in rendering their verdict, or that it prejudiced the substantial rights of the appellant. There is clear evidence that the juror had formed an opinion adverse to appellant before he entered the jury box, as appears from the examination as to his competency as a juror; yet the parties accepted him and no complaint on that score can now be available.

If the jury were permitted to separate it was only momentarily and the evidence fails to show such a separation as to expose the jurors to open an opportunity for the latter to be tampered with. The appellant failed to show either act, word or conduct that would raise the slightest suspicion of unfairness on the part of officer or jurors. The evidence fails to show such a seperation as to expose the jurors to improper influences. Two of the jurors dropped behind in passing along the street and had to pass through some persons standing on the sidewalk, which they did so quickly that neither officer nor jurors observed the separation, which was momentary. While tampering and colluding with jurors is dangerous in its consequences, and an opportunity to do so should be guarded and prevented and the law strictly complied with, yet where it is perfectly satisfactory, as shown in the case, that no improper influence was exercised over the jury it is not proper to grant a new trial on the ground of separation.

The judgment is *affirmed.*

*L. T. Moore, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *Webb v. Commonwealth,* 30 Ky. L. 841, 99 S. W. 909.]