## Apkins v. Commonwealth.

(Decided May 31, 1912.)

### Appeal from Fayette Circuit Court.

1. Criminal Law—Bigamy—Indictment for—Sufficiency of Indictment.—Where an indictment for bigamy gave the name of the alleged first wife, the date of the first marriage, and the State where it occurred, it sufficiently apprised the defendant of what he had to answer without charging the precise county in which the marriage occurred.

2. Jury—Defendant Should Have Right to Individually Examine in Felony Case.—While under section 281 Criminal Code this court cannot review the action of the trial court in refusing the defendant the right to examine the jurors separately, the defendant in a felony case should have this right as it is important to him that he have an opportunity to discover facts which might support a challenge for cause, or might afford him a right of peremptory challenge.

3. Bigamy—Evidence of First Marriage.—There was not a failure of proof of the first marriage. It was not denied, and the record introduced was an original, not a copy needing the customary statutory authentification of the registration of the original according to the laws of the sovereignty where the original was recorded.

4. Bigamy—Sanity of Defendant—Finding of Jury.—The question of the state of defendant's mind was submitted to the jury, and their

verdict of guilt was a finding that he was of sound mind at the time of the marriage in Illinois.

ALPHA HUBBARD for appellant.

JAMES GARNETT, Attorney General, M. M. LOGAN, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

Peter Paul Apkins on May 24, 1911, married in Paris, Illinois, Miss Bertha Kohler. A couple of days later he married in Lexington, Kentucky, Miss Elizabeth Young. The Fayette grand jury indicted him for bigamy. He was convicted, and appeals here.

He complains that his demurrer to the indictment should have been sustained. The text of the indictment is as follows:

"The grand jury of Fayette County, in the name and by the authority of the Commonwealth of Kentucky, accuse Peter P. Apkins of the crime of bigamy, committed as follows, viz.; That said Peter P. Apkins on the 26th day of May, 1911, in the county aforesaid, and before the finding of this indictment having a wife then living whom he married in the State of Illinois on the 24th day of May, 1911, and whose name was Miss Bertha Kohler when he married her, unlawfully married Elizabeth Young, against the peace and dignity of the Commonwealth of Kentucky."

The complaint is based upon the case of Davis v. Commonwealth, 13 Bush, 318, where it was held that an indictment for bigamy was insufficient which charged a second marriage, the defendant "having a husband then living." That indictment was held bad becaue it did not inform the accused of the name of the person to whom the prosecution expected to prove the defendant's first marriage, nor the State or country where the alleged first marriage occurred. The indictment in the case at bar gave the name of the alleged first wife, and the date of, and the State where, the alleged first marriage occurred. It did not, therefore, leave the defendant in the predicament in which was the defendant in the Davis case—a necessity to stand prepared to meet proof of marriage to any and every person and in any and all countries. Certainly the charge that he had married Bertha Kohler, in Illinois, sufficiently apprised the defendant of what he had to answer, without charg-

ing the precise county in which that marriage occurred. The absence of the county from the indictment is the sole and insufficient objection to it.

The next ground urged for reversal is that the court refused to permit the defendant to examine the jurors separately on their voire dire, but compelled an examination of the entire panel in a body. We are not permitted to review this action of the trial court. Section 281, Criminal Code; Curtis v. Commonwealth, 110 Ky., 845; Powers v. Commonwealth, 114 Ky., 237 (at page 274); Mount v. Commonwealth, 120 Ky., 398. And while we are not permitted to reverse for this reason, we are impelled to express our view that the defendant in a felony case should have this right of individual examination of those presented as prospective jurors in his impending trial. It is important to him that he may know, that he may have opportunity to learn, the facts as to possible relationship, whether there exists any bias because of the sundry reasons tending to create it, whether the juror's mental status toward the case will be one of first impression when he hears the evidence, and the various facts which might support a challenge for cause or might afford to the defendant a satisfactory basis for peremptory challenge. Section 213 of the Criminal Code demands this right of individual examination; and for the guidance of the trial courts we give it as our view that it should be allowed as a matter of right when asked for. The practice is consistent with general authority and with the natural demands of reason and justice.

It is next urged that there was a failure of any sufficient proof of the first marriage. The Commonwealth introduced upon this point Dan V. Halloran, the deputy county clerk of the Illinois county where the marriage occurred, who testified that he was present and saw the marriage performed. He introduced the original license, and the certificate of the county judge who performed the cermony that he had done so. Halloran testified that the marriage was that of "this defendant, Peter Paul Apkins." In Faustre v. Commonwealth, 92 Ky., 34, it was held that oral testimony without the production of any record would be sufficient to establish the former marriage. In that case, it is true, the admission of a copy of the marital register was condemned because there was no proof that the marriage was registered "in due form according to the laws of that sovereignty," Canada, where the first marriage occurred.

But its admission was condemned because the defendant had testified that no such marriage took place, and the incompetent evidence was held to be prejudicial. In the case at bar the defendant merely testified that he had no recollection of the Illinois marriage. He did not deny it. And the record introduced was an original, not a copy needing the customary statutory authentication of the registration of the original according to the laws of the sovereignty where the original is recorded.

The fourth and last proposition presented by appellant is that incompetent testimony was admitted against him. The proof disclosed that in Illinois the marriage of one non compos mentis was void, and that (as he argues) because Apkins was of unsound mind, the proof of the Illinois marriage was incompetent. This might be well enough if it were admitted that Apkins was then of unsound mind; but that question was submitted by the court to the jury under a proper instruction which told them that if Apkins was suffering from any mental aberration or disorder at the time of his Illinois marriage, and by reason of it did not remember or have knowledge of it when he married Miss Young, they should acquit him. As the jury found him guilty, they of necessity found him of sound mind at the time of the Illinois marriage.

Introduced upon the trial were a letter written by Apkins to his Illinois wife on May 25, the day after his marriage to her, and a post card written by him to her in July. These communications were produced by the Commonwealth on the cross-examination of Apkins, and were read to the jury over his objection. While we are of opinion that they should not have been admitted (Scott v. Commonwealth, 94 Ky., 510), there was nothing in them of an incriminating or substantial nature such as would demand or justify a reversal. There was in the record competent and uncontradicted evidence proving the marriage in Illinois; and it would be trifling to say that the admission of these documents, proving no more than the happening of that marriage, was so prejudicial to Apkins as to warrant a reversal. Under the amendment of 1880 to sections 340 and 353 of the Criminal Code our right to reverse for errors of law is restricted to such as, upon a consideration of the whole record, satisfy this court that they have substantially prejudiced the rights of the defendant. The error in this case does not measure up to that standard.

The judgment is affirmed.