## Dublin v. Commonwealth.

(Decided Sept. 24, 1935.)

W. H. HESTER and JACK FISHER for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appeal is by Bart Dublin from a conviction of voluntary manslaughter and sentence of eight years in the penitentiary for the killing of Thomas Kenneday Hilliard by striking him with an automobile.

The first point relied upon by counsel for a reversal is rather difficult to grasp. Rule 5 of this court, requiring a concise statement or classification of the questions discussed, was not observed. In its essence the argument seems to be that the verdict is flagrantly against the evidence.

The commonwealth's evidence established: The defendant, with three women, was driving north on United States Highway No. 45 about 4 o'clock in the afternoon of May 23, 1934. It is an 18-foot concrete road with 4-foot shoulders. About the time the defendant came over a rise in the road, one of the women handed him a square bottle, such as is commonly used for gin, and he drank from it while continuing to drive with one hand at the estimated speed of 60 to 70 miles an hour. His car was swerving over the road as he did so. Some ladies, who were in an automobile going in the opposite direction, testified that the defendant's car was waving or swerving back and forth across the highway in such

manner as to require them to drive to the extreme side of the road, and that it came beyond the center as it continued down the slight hill very fast. They estimate his speed from 70 to 80 miles an hour. Straight ahead of him some engineers of the Highway Department, including young Hilliard, were engaged in making measurements on the road. He was in the center holding a line with his back toward the defendant's approaching car. His companion, Bennett, was sitting on a stool on the shoulder of the road making notes. His attention was attracted by the roar of the car as it came on him and he jumped into the ditch. At that instant the car struck Hilliard with a force sufficient to knock him up in the air and project him a distance of 129 feet, as was established by actual measurement. His bones were broken, skull fractured, and body crushed so that he died in about four hours. The defendant's car was turned over and he and the other occupants were slightly injured. Witnesses testified positively that the defendant was drunk. A bottle of whisky about half full was picked up at or near his automobile and filed in evidence on the trial. A few minutes after the collision the defendant asked a friend to look in his car to see if he could find anything and if he did to get rid of it. A salesman, who was apparently a stranger, testified that Dublin's car passed him just out of Fulton (about 12 miles away) and that the occupants hollered and waved to him. Some distance beyond he passed their car while driving at about 55 miles an hour and for 5 miles had kept in front but in sight of it while running about the same speed. But it seems the defendant's car got in front of him somewhere close to the point of the accident as he slowed down because of workmen in the road. It is shown these men could be seen a distance of 445 feet. An automobile of this type running 50 miles an hour can be stopped in 300 feet. There was ample space on the right for defendant's car to have passed Hilliard in safety, even had Bennett remained where he was.

The substance of the defendant's evidence is that he had had nothing to drink but a mug of beer at lunch time, and that he had bought a bottle of hair tonic that morning which he had put in the pocket of his automobile. He knew nothing about the bottle picked up at his wrecked machine. He was driving 40 to 45 miles an

hour as he went over the elevation in the road and had gradually slackened his speed as he approached the workmen. The car driven by the lady crowded him to the right of the road, which required that he swerve to the left to avoid striking the man on the stool. The deceased at the moment stepped out in front of him from behind the other car. He was not going over 30 miles an hour at the time. His companions (also under indictment) sustained him in part and testified that he had no gin or whisky. But by way of impeachment, they were shown to have made contradictory statements. They testified, however, that they had seen the defendant remove a flat bottle from his pocket and put it in the automobile and identified the bottle of whisky introduced in evidence as being like it. No sign giving notice of the presence of workmen ahead was on the road. There was some other evidence tending to support the defendant, although upon analysis but little of it does so in fact upon the material points.

It would seem obvious that the argument that the verdict is flagrantly against the evidence is without merit. It was within the province of the jury to reject the defendant's evidence and accept that of the commonwealth. It appears to justify the belief that the defendant, operating his automobile at a terrific speed with a mixture of gasoline, beer, gin, and whisky, converted it into a deadly and destructive engine, which was in violation of the common law and, as well, of the statutes relating to driving of an automobile while intoxicated and at an excessive speed. Adapting the common-law principles and definition of "voluntary manslaughter" to the operation of an automobile, it is universally held that if one drives upon a highway in a manner which he knows or ought to know is reasonably calculated to injure others using the highway and under such circumstances recklessly, wantonly, and with gross carelessness strikes and kills another, malice is implied and he is held to have intended the natural consequences of his act and to be guilty of that criminal offense. Held v. Commonwealth, 183 Ky. 209, 208 S. W. 772; Jones v. Commonwealth, 213 Ky. 356, 281 S. W. 164; Colvin v. Commonwealth, 247 Ky. 480, 57 S. W. (2d) 487; King v. Commonwealth, 253 Ky. 775, 70 S. W. (2d) 667; Morris v. Commonwealth, 255 Ky. 276, 73 S. W. (2d) 1.

It is argued that the instruction on voluntary manslaughter was erroneous. The instruction is in one sentence. It commences by advising the jury that if they believe from the evidence beyond a reasonable doubt the elements necessary to establish guilt, which were severally enumerated, and which were connected by the conjunction "and," they should find the defendant guilty. It is submitted that the phrase "beyond a reasonable doubt" should have been repeated in relation to each element. Such form has been approved, but the form given here has also received our approval. When it is made clear by the single use of the phrase that all the elements of guilt must be believed beyond a reasonable doubt, as in this instruction, it is sufficient. Powers v. Commonwealth, 110 Ky. 386, 61 S. W. 735, 63 S. W. 976, 22 Ky. Law Rep. 1807, 23 Ky. Law Rep. 146, 53 L. R. A. 245; Means v. Commonwealth, 197 Ky. 401, 247 S. W. 12; Richmond v. Commonwealth, 255 Ky. 758, 75 S. W. (2d) 500. Other criticisms are that the instruction should have specified that the operation of the automobile was in such manner as was reasonably calculated to endanger the life of the decedent, Hilliard, instead of "the lives of persons then and there on the highway;" and that the court should also have given the legal definition of "reckless," as well as of "wanton," which was defined. This form of instruction is that laid down in Jones v. Commonwealth, supra, and followed in the other cases cited. The omission of the definition of "reckless" has been held not to be prejudicial. Pelfrey v. Commonwealth, 247 Ky. 484, 57 S. W. (2d) 474.

The judgment is affirmed.