## Newcomb v. Commonwealth.

Jan. 17, 1939.

BURKE & SANDERS for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Corbett Newcomb has been convicted of voluntary manslaughter and sentenced to seven years' imprisonment on the charge that he was driving an automobile which struck and killed Joe Darnell, a pedestrian. As appellant, he seeks a reversal of the judgment upon the grounds that the evidence does not sustain the verdict. He submits that if it be deemed sufficient to identify him as the driver of the car, it is not sufficient to establish his guilt of operating it in such a manner as the law demands for a conviction of the crime.

Darnell, an eighty year old man, was walking on the right-hand side of the highway going from Pikeville, carrying a sack of groceries he had obtained at a relief agency station, shortly after dark one Saturday night in May 1937. Occupants of an automobile going in the opposite direction saw a car coming up behind and close upon him. When they had passed about twenty feet beyond him, one of them looked back and saw that car strike the man and go on without stopping. The automobile seemed to them to be an old one-seated Ford. Both lights were burning. A woman drove up almost immediately thereafter and then turned and pursued the car. She overtook it a mile and a half or so away and obtained the license number. It was an old Ford with a rumble seat. The right-hand light was not then burning. The witness was positive this was the car that had struck the man, for having come in the opposite direction she knew that no other had passed going that way. An officer, to whom the license number was given, could not find the car that night but stopped it in Pikeville the next morning. It was owned by the defendant. His brother, Charlie Newcomb, and Robert Ratliff were

in it. Pieces of glass which had come from the right headlight, found on the running board, matched perfectly pieces picked up at the scene of the tragedy. The right lens was then of plain, smooth glass, not corrugated as was the left one and as commonly used in automobile headlights. The car was a 1929 model, badly battered, rattle-trap Ford, with a rumble seat.

About half past ten on the night Darnell was killed, the defendant and Robert Ratliff got the wife of a garage or service station keeper out of bed to sell them a headlight bulb for an old Ford. They told her their light had just blown out. Dora Roberts testified that she had got in the defendant's automobile about four o'clock that Saturday afternoon, and with another girl and four boys, including the defendant, had been riding around until two o'clock Sunday morning when she went to a hotel. They had passed along the road where the man was struck about that time, but so far as she knew the automobile had not hit the man or any other object.

The defendant admitted being with his party along the highway about the time, but he positively denied having struck anything. His right-hand light bulb had blown out and he had stopped to obtain another from the service station keeper's wife. He did not say when he had put the smooth, plain glass in the right headlight. None of the parties but the defendant and Dora Roberts testified. He was arrested in West Virginia. We think the evidence ample to identify the defendant and his car as the one that caused the man's death. Glasgow Ice Cream Company v. Fults' Adm'r, 268 Ky. 447, 105 S. W. (2d) 135.

We consider the proposition that the evidence is not sufficient to sustain the verdict that the defendant, though he may have been driving the automobile which caused the death of the man, was guilty of the crime of voluntary manslaughter.

It is well to look to the legal criterion by which the facts are to be judged in cases of this character. As applied to fire arms and other deadly weapons it is sometimes said that their use must have been "grossly careless or grossly negligent" in order to constitute the crime of voluntary manslaughter. But as applied to an automobile or other instrumentality, which is dan-

gerous to life only when improperly handled, the grade or degree of carelessness or negligence is higher than those terms are ordinarily understood to mean. So it has been generally declared to be necessary to establish "reckless and wanton carelessness." Jones v. Commonwealth, 213 Ky. 356, 281 S. W. 164, 165. In that case the court prepared a set of instructions to be given upon another trial and predicated the authority of the jury to convict the defendant upon the belief of proof beyond a reasonable doubt of that degree of carelessness. One of those instructions defined the term to mean: "Utterly careless, having no regard for consequences or for the safety of others, yet without malice." That instruction was given in this case. The conditions may be such that one knows or should know that his conduct is reasonably calculated to injure or kill another using and having the right to use the highway, and if under those conditions one operates an automobile with such a high degree of carelessness he is chargeable in a criminal prosecution with the natural and reasonable consequences of his conduct. Held v. Commonwealth, 183 Ky. 209, 208 S. W. 772; Haupe v. Commonwealth, 234 Ky. 27, 27 S. W. (2d) 394; King v. Commonwealth, 253 Ky. 775, 70 S. W. (2d) 667; Dublin v. Commonwealth, 260 Ky. 412, 86 S. W. (2d) 136, 137. Although the driver of the machine under such circumstances can seldom be said to have had a preconceived or deliberate purpose to kill another, his recklessness itself imports the essential criminal intent. Davis v. Commonwealth, 193 Ky. 597, 237 S. W. 24, 23 A. L. R. 1551; Dublin v. Commonwealth, supra; Roberts v. Commonwealth, 264 Ky. 545, 95 S. W. (2d) 23.

The argument in behalf of the appellant is that there was no evidence of any wanton or reckless negligence on his part. It is true the evidence shows a straight road and a speed of perhaps thirty miles an hour, on the right-hand side of the road, which operation could not be regarded as even ordinary negligence. And as experienced motorists know, there is a blind spot when cars with headlights burning are passing in which it is difficult, if not momentarily impossible, to see a pedestrian. But this man was visible to the driver of the approaching cars for at least the distance the headlights shone, which, under the statutes, should have been two hundred feet, and the other car had been passed when he was hit. Its occupants had seen him. He would nec-

essarily have seen him had he been performing his statutory duty of maintaining a lookout. The culpability of the defendant is not to be found alone in these conditions. It is to be found in the condition of the driver himself, coupled with the failure to see and avoid the man, or at least warn him.

In each of the following cases the evidence tended to show that the driver was intoxicated and to prove expressly that he had operated his car in a negligent manner. King v. Commonwealth, supra; Dublin v. Commonwealth, supra; Elkins v. Commonwealth, 244 Ky. 583, 51 S. W. (2d) 916; Colvin v. Commonwealth, 247 Ky. 480, 57 S. W. (2d) 487; Morris v. Commonwealth, 255 Ky. 276, 73 S. W. (2d) 1; Largent v. Commonwealth, 265 Ky. 598, 97 S. W. (2d) 538, 539; Sloan v. Commonwealth, 268 Ky. 241, 104 S. W. (2d) 988; Jones v. Commonwealth, 273 Ky. 444, 116 S. W. (2d) 984. In some of the cases the manner of operation itself could hardly be classified as wanton and reckless, but convictions were nevertheless sustained. The juries were justified in believing that the fact of the driver being intoxicated was proof of that degree of carelessness without which there would have been no sort of negligent operation and no tragic death caused. As was observed by Judge Clay, for the court, in W. F. Robinson & Son v. Jones, 254 Ky. 637, 72 S. W. (2d) 16, 19: "It is known of all men that the drinking of intoxicating liquor, though it be not done to the extent of actual intoxication, begets a spirit of recklessness, and is responsible for numerous accidents." Running through the civil cases is the conception and declaration that to drive an automobile while intoxicated, or to ride with one in such condition, is prima facie evidence of negligence. See, among others, Archer v. Bourne, 222 Ky. 268, 300 S. W. 604; Kennedy Transfer Company v. Greenfield's Adm'x, 248 Ky. 708, 59 S. W. (2d) 978; Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S. W. (2d) 423.

To drive an automobile while intoxicated is imperatively prohibited by the statutes of this state and punishable by a substantial penalty upon conviction. Sections 2739g-34, 2739g-34a, Kentucky Statutes. In some states it is proper to charge or instruct the jury that intoxication of the driver in violation of the statutes gives rise to a presumption of culpable negligence. Annotation, 46 A. L. R. 1060. And the courts generally affirm

the rule that a person who, while driving an automobile in violation of the law, kills another is guilty of manslaughter. Note, 59 A. L. R. 695. Thus in Keller v. State, 155 Tenn. 633, 299 S. W. 803, 59 A. L. R. 685, where a person was undertaking to cross a street in the middle of the block when he was run over and killed by the defendant who was under the influence of liquor, the court declared the operation of an automobile by an intoxicated person is an act malum in se so as to supply the necessary criminal intent and make him responsible if death results from his undertaking to run the machine through the streets. Said the court:

"We think the policy of the law forbids an investigation as to probable consequences, when the driver of an automobile, 'under the influence of an intoxicant,' as heretofore defined, runs his car over another person and kills him on the public highways of the state. There are many things that [a] sober man, in the exercise of due care, would do to avoid such a collision, which would be entirely beyond an intoxicated driver. Fatalities are too numerous and conditions too serious to permit speculative inquires in a case like the one before us."

In Benton v. State, 124 Neb. 485, 247 N. W. 21, the facts were somewhat similar to those in the case at bar. An intoxicated driver struck the rear end of a car going in the same direction, throwing it off the road and killing an occupant. He had just passed a car coming in the opposite direction and claimed to have been momentarily blinded by its lights. The court stated the record "forces us to the conclusion that defendant's intoxication was one of the proximate causes of the accident and the resultant death," and held the violation of the statute prohibiting driving a machine while intoxicated was sufficient to sustain the verdict of conviction for manslaughter. See, also, State v. Goldstone, 144 Minn. 405, 175 N. W. 892; State v. Blaime, 137 A. 829, 5 N. J. Misc. 633; People v. Townsend, 214 Mich. 267, 183 N. W. 177, 16 A. L. R. 902; State v. Kline, 168 Minn. 263, 209 N. W. 881.

Applying the description of the disclosures in the Archer Case, it may be said here that the defendant, in a rattle-trap automobile, was out on a wild party on this Saturday night. All of them were intoxicated. There were four of them on the driver's seat and two in the

rumble. The man should have been seen and avoided or at least warned. He probably would have been but for wanton and unrestrained negligence. Subsequent conduct of the accused proved consciousness of guilt. To drive an automobile while drunk is recklessness such as to evince "a heart void of just sense of social duty, and fatally bent on mischief." Brown v. Commonwealth, 17 S. W. 220, 221, 13 Ky. Law Rep. 372, 373. A causal connection between the driver's intoxication and the tragic result in this case is a justifiable conclusion. To say that it is not an offense to kill a man under such circumstances as these, where the jury might reasonably conclude it would not have resulted but for the driver's intoxication and recklessness, would be to ignore the realities and encourage the continuance of such conduct, which is almost daily causing an appalling loss of life.

The judgment is affirmed.