# Dixon v. Commonwealth.

May 17, 1946.

E. L. Morgan for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Aaron Dixon, has been convicted of the crime of voluntary manslaughter and sentenced to confinement in the penitentiary for a term of five years. The indictment under which he was tried charged that by his gross carelessness, recklessness, and negligence he ran a motor vehicle into an automobile occupied by various persons and killed four of its occupants. The jury was instructed on voluntary and involuntary manslaughter. On this appeal it is argued that the evidence is insufficient to sustain the verdict of guilty of voluntary manslaughter.

The evidence for the Commonwealth epitomized shows that the collision, which resulted in the death of four persons, occurred about 11:30 p. m. November 3, 1945, at a point just north of the corporate limits of the town of Cumberland on the highway leading from Cum-

berland to Whitesburg. Alidia Fouts, Pauline Fouts, Clyde Huff, James Sexton, and Charles Jenkins, all of whom lived a short distance north of Cumberland, started to Cumberland in an automobile driven by Jenkins. Alidia Fouts was 22 years of age, Pauline Fouts was 19, Huff was 24, Sexton was 17, and Jenkins was 17. While proceeding south the automobile driven by Jenkins collided head on with a northbound truck driven by appellant. The automobile was completely demolished, and Alidia Fouts, Pauline Fouts, Clyde Huff, and James Sexton were killed. Jenkins, the driver, was seriously injured . In the truck with appellant were Harold Fields and Enoch Estep. All of the occupants of the truck were taken to a hospital where they spent the night, but none of them was injured seriously. The collision occurred on the left-hand side of the road going north, as much as 6 feet to the left of the center line of the road according to some of the testimony, and on a curve, described by some of the witnesses as a sharp curve and by others as a slight curve. Peter Banks testified that he was traveling north in an automobile at a speed of 25 or 30 miles an hour; that appellant's truck approached him from the rear traveling at a speed of 50 or 60 miles an hour; that appellant attempted to pass him on the left and collided with the Jenkins car, which was approaching from the north. He also stated that appellant's truck struck his, Banks', rear bumper, and knocked his car forward. One of the headlights of the truck was not burning. All of the witnesses testified that it was a foggy night, and the visibility was poor. A one-half pint bottle one-third full of whisky was found in the glove compartment of appellant's truck, and there was evidence that he was under the influence of intoxicants. Appellant testified that he had taken one drink of whisky about two or three hours before the collision. He had been at the Star Night Club two miles north of Cumberland earlier in the evening, had gone to Cumberland, and was returning to the night club when the collision occurred.

It is argued that the testimony of the witness Banks is so improbable that it should not be considered. The argument is based partly on Banks' statement that he failed to stop though he knew a collision had occurred. He testified that he drove about 1½ miles, and then concluded to turn around and return to the scene of the

collision in order to ascertain whether anyone had been injured. His action was probably unnatural, but his credibility was a question for the jury. Appellant and the other two occupants of the truck testified that the truck was on its right side of the road when the collision occurred, but the physical facts, testified to by a number of witnesses, indicated that the collision occurred well to the left of the center of the road. According to the evidence for the Commonwealth, appellant was under the influence of intoxicating liquor, was driving his truck at a high rate of speed on the left side of the highway and attempting to pass a car on a curve in a heavy fog. If the evidence for the Commonwealth is true, then the conduct of the accused was such as to justify his conviction upon a charge of voluntary manslaughter. It amounted to a reckless disregard for human life under the circumstances. The rule to be applied in such a case is stated thus in Cornett v. Commonwealth, 282 Ky. 322, 138 S. W. 2d 492, 493:

"The driver of an automobile is chargeable with the natural and reasonable consequences of the manner in which he operates it. Where one drives an automobile upon a highway recklessly, with gross carelessness or in a wanton manner that he knows, or has reasonable grounds to believe, is reasonably calculated to injure others using the highway, and in so doing strikes and kills another, he is guilty of voluntary manslaughter. While one who drives an automobile on the highway in such a manner as to violate the law of the road, or negligently and carelessly drives same so as to endanger the life or limbs or property of another on the highway, and in so doing strikes and kills another, he is guilty of involuntary manslaughter."

In Newcomb v. Commonwealth, 276 Ky. 362, 124 S. W. 2d 486, 489, Corbett Newcomb was convicted of voluntary manslaughter and sentenced to seven years' imprisonment on the charge that he was recklessly and carelessly driving an automobile which struck and killed a pedestrian. It appears there was some evidence tending to show that he was under the influence of intoxicating liquor. It was argued the evidence was not sufficient to sustain the verdict, but in affirming the judgment the court said:

"A causal connection between the driver's intoxication and the tragic result in this case is a justifiable con-

clusion. To say that it is not an offense to kill a man under such circumstances as these, where the jury might reasonably conclude it would not have resulted but for the driver's intoxication and recklessness, would be to ignore the realities and encourage the continuance of such conduct, which is almost daily causing an appalling loss of life."

See, also, Sloan v. Commonwealth, 268 Ky. 241, 104 S. W. 2d 988; Largent v. Commonwealth, 265 Ky. 598, 97 S. W. 2d 538; Dublin v. Commonwealth, 260 Ky. 412, 86 S. W. 2d 136; King v. Commonwealth, 253 Ky. 775, 70 S. W. 2d 667.

We think the evidence was amply sufficient to sustain the verdict, and the judgment is affirmed.