## Raymer v. Commonwealth.

November 26, 1946.

S. H. Monarch for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Pearley Raymer, was tried and convicted under an indictment charging him with the crime of voluntary manslaughter. The jury fixed his punishment at confinement in the penitentiary for a period of two years. The indictment charged that with gross carelessness, recklessness, and negligence he ran a motor vehicle against and over Roy Compton and killed him. The sole ground urged for reversal of the judgment is that the verdict is contrary to the law and the evidence.

The tragedy occurred about 6:30 p. m. October 5, 1945, on U. S. Highway No. 60, one mile west of Garfield in Breckinridge county. The victim, Roy Compton, a boy ten years of age, accompanied by his twin brother, Ray, was walking on the berm of the road. As the truck driven by appellant approached them it left the paved portion of the highway, ran over the deceased, traveled about fifty yards, and turned over. Various witnesses testified that the truck was traveling "at a high rate of speed" or

"very rapidly," and Ray Compton testified that as it approached him and his brother the driver appeared to lose control, allowing it to run into the ditch on the north side of the highway and to strike Roy Compton who was between the north ditch and the paved portion of the road. It is argued that this evidence fails to show gross negligence, recklessness or a disregard of the lives of others by the appellant, and was insufficient to sustain a charge of manslaughter. If no other evidence had been introduced it may be that it would have been error to submit the case to the jury on the question of voluntary manslaughter, but numerous witnesses testified that appellant was intoxicated at the time of the accident and for several hours before and after the accident. Some of them described his condition as "staggering drunk." The truck which struck Roy Compton had been borrowed from a neighbor for the purpose of pulling appellant's truck out of a ditch near his father's home. Appellant testified that he and Bill Probus went to the home of Mrs. Ruby Smiley, that Probus obtained the key to the borrowed truck from Mrs. Smiley, got in the driver's seat, and was driving the truck at the time of the accident. Probus had testified that he was unable to drive an automobile, and was not driving the truck at the time of the accident but was sitting on the right side of the cab of the truck. The Commonwealth introduced a witness in rebuttal who testified that he saw appellant shortly before the accident in the borrowed truck and in the driver's seat. Bill Probus was sitting on the right side of the truck.

The facts bring this case within the rule announced in Dixon v. Commonwealth, 302 Ky. 353, 194 S. W. 2d 655, and Newcomb v. Commonwealth, 276 Ky. 362, 124 S. W. 2d 486, 489. As said in the Newcomb case, "A causal connection between the driver's intoxication and the tragic result in this case is a justifiable conclusion." One who drives an automobile at a high rate of speed on a much traveled highway while he is intoxicated acts in reckless disregard of human life and is criminally accountable for the consequences of his conduct.

The judgment is affirmed.