## Salisbury v. Commonwealth.

May 7, 1948.

B. M. James for appellant.

A. E. Funk, Attorney General, and William F. Simpson, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The conviction of the appellant, Cola Salisbury, of voluntary manslaughter arises from an automobile collision in which Mrs. Kathryn Henson was killed.

The appellant was driving a pick-up truck while under the influence of intoxicating liquor. His truck

zig-zagged across the highway and came up behind a passenger car at a speed variously estimated at from 40 to 60 miles per hour, though the best estimate is that given by the man whose car was overtaken as from 45 to 50 miles. The driver started to pass that car, dropped back for a moment, and then darted around it across to the left side of the highway and struck the automobile, in which the deceased was riding, head-on, with terrific force. That car was coming out of a curve and was well over on its right side of the road. Mrs. Henson's husband was also killed, as was the owner of the truck driven by the appellant. Other passengers in the automobile were seriously injured. This is a summary of the proof for the Commonwealth.

The defendant denied he had been drinking or was driving recklessly or faster than 30 to 35 miles an hour until he started to pass the car ahead, when he picked up some speed in order to do so. He has some corroboration. His testimony is that he saw the approaching automobile and drew back behind the car in front of him. When he put on his brakes to avoid striking it they caught and jerked his truck to the left and out in front of the approaching car. There is evidence that the brakes on the truck were out of order, but the defendant denied knowing it.

The appellant argues that he was entitled to a directed verdict of acquittal, or, if not, that he should have been found guilty only of involuntary manslaughter.

The law applicable to the case has been often stated, and needs no repetition. The evidence for the Commonwealth, which the jury accepted rather than that of the defendant, proved facts and conditions almost exactly like those shown in Dixon v. Commonwealth, 302 Ky. 353, 194 S. W. 2d 655. The only differences are that a fog obscured the vision of the driver in the Dixon case, while the defendant here had a clear view; and in that case four persons were killed instead of three, and the punishment of the defendant was fixed at five years' imprisonment instead of two years.

For the reasons stated in the Dixon case, this judgment is affirmed.