**Jimmie A. WOODFORD, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 6, 1964.

Tom Garrett, Paducah, for appellant.

Robert F. Matthews, Atty. Gen., F. E. Wood, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Jimmie A. Woodford was convicted of voluntary manslaughter for the death of Mildred Traughber. His punishment was fixed at three years' confinement in the penitentiary. On appeal he urges that the trial court erred: (1) In requiring the appellant on voir dire to examine the prospective jurors collectively instead of individually; (2) in permitting the Commonwealth's attorney to propound improper questions; (3) in failing to instruct on the whole law of the case; and (4) in refusing his counsel the right to discuss the failure to administer a degree of intoxication test.

On November 7, 1962, at approximately 11:15 p. m., two cars driven by appellant and Mildred Traughber, respectively, collided at the intersection of 17th and Jefferson Streets in Paducah. Mildred Traughber died from injuries suffered in the collision. Issues involved on the trial were whether appellant was under the influence of intoxicating liquor and whether he had run through a stop sign at the intersection.

After appellant's counsel had examined individually five prospective jurors on voir dire, the court refused to let him question individually each of the remaining prospective jurors. Thereafter, the questions were asked of the remaining seven prospective jurors and of two replacements collectively.

Appellant relies on the statement of purpose of voir dire made in Sizemore v. Commonwealth, Ky., 306 S.W.2d 832, and upon statements in Apkins v. Commonwealth, 148 Ky. 662, 147 S.W. 376; Olympic Realty Company v. Kamer, 283 Ky. 432, 141 S.W.2d 293; and Alexander v. Jones, Ky., 249 S. W.2d 35, to the effect that the accused through counsel is entitled "to examine the jurors separately upon their voir dire." See also Criminal Code, Section 213. Such was the old rule.

This case was tried after the adoption of the Criminal Rules of Procedure. RCr 9.38 provides:

"The court may permit the attorney for the Commonwealth and the defendant or his attorney to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event the court shall permit the attorney for the Commonwealth and the defendant or his attorney to supplement the examination by such further inquiry as it deems proper. The court may itself submit to the prospective jurors such additional question submitted by the parties or their attorneys as it deems proper."

This rule quite obviously places the manner of conducting the voir dire examination in the discretion of the trial judge. It is recognized that the trial court, in an effort to expedite the selection of a jury, may "take over" the examination of the prospective jurors on voir dire. In a proper case, this could constitute an abuse of discretion. In the instant case, it has not been shown that there was an abuse of discretion. Webb v. Commonwealth, Ky., 314 S.W.2d 543.

On cross-examination of the appellant, the Commonwealth's attorney asked the following questions:

"113x Now did anything happen to you between the time you left Mayford and started down Sixth Street and came on down to where this accident occurred?

"A. No.

"114x Well did you—I will ask you whether or not some police officers chased you before this accident?

"BY MR. GARRETT: I object, if the Court please.

"BY THE COURT: Overruled.

"A. Didn't no police officers chase me.

"115x Didn't any police officers chase you?

"A. No.

"116x Did any police officers chase you at all that night before this accident?

"A. No.

"117x Are you sure about that?

"A. I am sure about that.

"118x Isn't it true that a police car did chase you and you outran them just before this accident happened?

"A. No.

"BY MR. GARRETT: I object, if the Court please.

"BY THE COURT: Overruled.

"119x Isn't that true?

"A. No, it's not.

"120x That did not happen?

"A. No, it did not."

■ There was no testimony of a police car chase and no further effort to prove any such chase. Similar conduct on the part of a Commonwealth's attorney was condemned as being unfair in Rowe v. Commonwealth, Ky., 269 S.W.2d 247. The repeated questions concerning a chase by a police car injected a false issue into the case which was highly prejudicial. Such conduct is inexcusable and unbecoming in an officer of the court whose duty is to see that a defendant is dealt with fairly and that his legal rights, as well as those of the Commonwealth's, are fully protected. Drake v. Commonwealth, 263 Ky. 107, 91 S.W.2d 1009; May v. Commonwealth, Ky., 285 S.W.2d 160; Arthur v. Commonwealth, Ky., 307 S.W.2d 182. After appellant answered in the negative, the continued questioning permitted by the court on the same matter was reversible error.

■ The questioning of appellant concerning whether a warrant for assault and battery had been issued was likewise improper. It concerned an incident involving another person at a time and place remote from the matter on trial. Swanger v. Commonwealth, Ky., 255 S.W.2d 38; Acres v. Commonwealth, Ky., 259 S.W.2d 38.

■ Appellant urges that the whole law of the case was not contained in the instructions. He insists that the court should have defined "wanton indifference" and "reckless conduct." In Jones v. Commonwealth, 213 Ky. 356, 281 S.W. 164, such failure was held to be error. In Dublin v. Commonwealth, 260 Ky. 412, 86 S.W.2d 136, the holding was contra. Inasmuch as there may be another trial, the better practice is to define the key terms used. Monson v. Commonweatlh, Ky., 294 S.W.2d 78. While such words are commonly used, their legal meaning may not be so well understood.

■■ The degree of intoxication, if any, of appellant was an issue. Counsel for appellant elicited testimony from the officers that no tests were administered to appellant to determine the degree of his intoxication. In his argument appellant's counsel discussed this proof, but he was prevented from analyzing the evidence and from drawing an inference from the failure to administer such tests. This was an error since counsel in his argument to the jury should have been permitted to "discuss the facts proved, draw reasonable deductions therefrom, and may attack the credibility of witnesses where his remarks are based on facts appearing in the evidence." Elliott v. Drury's Adm'x, 309 Ky. 814, 219 S.W.2d 3. The rule was stated thus in Sellards v. Commonwealth, 5 Ky. Law Rep. 329, 12 Ky.Op. 319:

"Where a party has a legal opportunity of strengthening or explaining a fact in the case and fails to avail himself of it, or to show his inability for a valid reason to do so, it is a fair subject for remark or candid argument upon the part of counsel."

Judgment reversed.