No. 13,947.

STATE OF LOUISIANA VS. ZENON GUY ET ALS.

### SYLLABUS.

1. The general character for veracity of a defendant in a criminal prosecution, who becomes a witness in his own behalf, may be impeached in the same manner as that of any other witness.
2. And for that purpose, the inquiry may extend beyond the mere question of his general reputation for truth and veracity and be prosecuted as to his general character.
3. But proof as to particular vices, immoralities or courses of conduct ought not to be admitted.
4. So, where a defendant, tried for larceny, becomes a witness on his own behalf, evidence as to his character for truth and veracity is competent, but evidence as to his character "for truth, veracity, *and honesty*" should be excluded.

APPEAL from the Sixteenth Judicial District, Parish of St. Landry—*Lewis, J.*

*Walter Guion,* Attorney General, and *R. Lee Garland,* District Attorney, (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*B. H. Pavy,* for Defendant, Appellant.

The opinion of the court was delivered by

MONROE, J. Zenon Guy and several others were convicted of larceny and Guy has appealed from a sentence of imprisonment at hard labor.

His case is presented to this court upon a single bill of exceptions, from which it appears that he took the stand as a witness in his own behalf and that the State thereafter called witnesses for the purpose of proving that his character "for truth and veracity and honesty" was bad; that thereupon his counsel stated that he had no objection to the administration of proof as to the character of the accused for truth and veracity, but that he did object to the admission of evidence tending to affect his general character for honesty, upon the ground, substantially that, considered as a witness, his credibility, alone, was at stake, his general character for honesty not having been put at issue by any evidence offered by him to establish it; that "the charge against him was one involving honesty, and the State (on the issue of credibility) could, on no pretext, go into general evidence to prove defendant's dishonesty before the defendant had made that quality a well defined issue," and that he was unprepared to meet such evidence with counter proof because not advised that it would be necessary; and to an adverse ruling upon this objection, the bill was reserved.

It may be regarded as settled that when a defendant in a criminal prosecution becomes a witness in his own behalf he also becomes liable to be impeached and discredited in the same manner as any other witness, and that the inquiry having that object in view is not limited to his general reputation for veracity, but involves his entire moral character. State vs. Parker, 7 Ann. 83; State vs. Jackson, 44 Ann. 160; State vs. Walsh, *Ib.* 1122; State vs. Favre, 51 Ann. 639.

In some jurisdictions an inquiry has been permitted touching upon particular lines of misconduct, and in State vs. Parker (*supra*), it was held by Mr. Justice Preston that the defendant should have been permitted to prove that the principal witness for the prosecution was a man of infamous character, notoriously guilty of acting falsely and fraudulently, of extorting money by force and cheating from the unwary and feeble, and of living among low and abandoned women; that he was idle, dissolute and profligate, had no means of support, and no means of obtaining money other than those just set forth; that, although witnesses could not say that he had formed any character as to lack of truth, and was false in oaths and words, yet, from his vices and general bad character, they would swear that he was unworthy of credit; and they could not believe him on oath.

There was a concurring opinion in the case, however, handed down by Mr. Justice Slidell, and approved by the other members of the court

(Chief Justice. Eustis, and Mr. Justice Rost) which, we think, correctly states the rule upon the question at issue, to-wit:

"Slidell, J., 1st. Upon the first bill of exceptions, I think the ruling of the district judge was too narrow. He confined the party impeaching the witness, who had testified against him, to proof as to the general reputation of the witness as to truth and veracity. In my opinion the prisoner should have been allowed to offer general evidence, as to the general character of the witness impeached. The State would then be allowed to inquire into the means of knowledge of the witness so testifying. I think it proper, however, to add, in my opinion, the district judge was right in excluding inquiry, on the part of the prisoner, as to any particular immoral conduct on the part of the impeached witness."

In State vs. Hobgood, 46 Ann. 855, the question was presented, whether it was competent, for the purposes of an inquiry as to the veracity of a female witness, to offer evidence as to her general reputation for chasity, in the community in which she lived, and it was held that it was not competent. This court said: the inquiry must be into the general character of the witness and "not to any particular act, or any particular line of conduct."

And so, in State vs. Jackson, 44 Ann. 160, it was held to be incompetent to prove that a witness was a man who lived and associated with criminal people. Our conclusion, therefore, is, that, for the purpose of impeaching the general character of a witness for veracity, direct questions upon that subject, and, under certain conditions, as to whether the testifying witness would believe the other under oath, being always admissible, the inquiry, beyond that, ought to be confined to the whole, or general, moral character of the witness sought to be impeached, and ought not to be prosecuted concerning particular vices .or courses of conduct, such as dishonesty, lewdness, insobriety, evil association, and the like.

For these reasons, it is ordered, adjudged, and decreed that the verdict and judgment appealed from be, and the same are hereby, annulled, avoided, and reversed, and it is further ordered and decreed that this case be remanded to be proceeded with according to law.

BREAUX, J., dissenting, handed down a separate opinion in this case.