## Warrix v. Commonwealth.

(Decided October 3, 1922.)

## Appeal from Letcher Circuit Court.

1   Indictment and Information—Joinder—Demurrer—Intoxicating Liquors.—When an indictment charges the commission of two or more separate offenses, other than provided for in section 127, Criminal Code, it is subject to demurrer, but, if the attorney for the Commonwealth elects to prosecute the accused for one of the offenses, the demurrer should be overruled.

2.   Indictment and Information—Joinder—Election.—When an indictment improperly charges two or more independent offenses, and to save it from demurrer, the attorney for the Commonwealth elects to proceed against the accused for one of the offenses only, the indictment as to the other offenses should be dismissed, but, if not dismissed by formal order, they will be treated as surplusage.

3.   Witnesses—Impeachment.—A witness may be impeached by evidence of his general reputation for immorality, but not by his general reputation for particular acts or a particular trait of character.

R. MONROE FIELDS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Reversing.

The appellant, Lige Warrix, was indicted for a violation of the prohibition statute of 1920. The indictment, both in the accusative and descriptive portions, charged him with guilt of all the offenses denounced by section 2554a-1, Ky. Stats., 1922—that is with manufacturing, selling, bartering, giving away, keeping for sale and transporting intoxicating liquors. A demurrer was offered to the indictment upon the ground that it violated

section 126, Criminal Code, in that it accused him of the commission of six different offenses, no two of which could be charged in one indictment, as provided by section 127, Criminal Code. The Commonwealth's attorney recognizing that the demurrer was well taken, elected to try the appellant under the indictment for the offense of unlawfully transporting intoxicating liquors. The demurrer was then overruled. The appellant pleaded not guilty, and the trial then proceeded and the evidence was directed to proving the guilt of appellant of the offense of unlawfully transporting intoxicating liquors, and the instructions confined the jury to the determination of that issue, alone. A verdict of guilty was returned and a judgment rendered in accordance with it. The appellant's motion to set aside the verdict and judgment, and grant him a new trial was overruled, and he has appealed.

The three grounds upon which it is urged that the judgment should be reversed, are as follows:

(1) The court erred in overruling the demurrer to the indictment.

(2) Evidence was admitted against him over his objection, which was incompetent and prejudicial.

(3) The motion for directed verdict of acquittal should have been sustained.

(a) Touching the first ground relied upon for reversal, there is no doubt that the demurrer was well taken, since the indictment accused the appellant of six different offenses, contrary to section 126, Criminal Code, but section 168 of the Criminal Code provides as follows:

"If the indictment improperly charges more than one offense, the attorney for the Commonwealth may dismiss one of them, and thereupon the demurrer shall not be sustained upon that ground." In Commonwealth v. Goins, 9 Ky. Op. 108, it was held to be error not to permit the attorney for the Commonwealth to make an election when an indictment charged more than one offense, and that when an election is made, the demurrer, although well taken, should be overruled, was held in Ellis v. Commonwealth, 78 Ky. 130; Mobley v. Commonwealth, 190 Ky. 424, and others. The appellant while conceding the propriety of the overruling of the demurrer when an election is made of a particular offense charged in the indictment, insists that before the demurrer should have been overruled that the other offenses charged in the indict-

ment should have been dismissed as provided by section 168, *supra,* and that it was error to overrule the demurrer without a dismissal of the offenses other than the one upon which it was elected to try the accused. No formal order was entered dismissing the indictment as to the other offenses when the election was made, but the proceeding had the effect to dismiss the other offenses charged in the indictment. An indictment can charge but one offense, except as set out in section 127, *supra,* nor can it contain but one offense, and when it improperly charges two or more offenses, and in order to make it valid upon demurrer, the attorney for the Commonwealth elects to try the defendant for one of the offenses, necessarily operates to dismiss the charge of the other offense or offenses as surplusage. The principle stated in McCreary v. Commonwealth, 163 Ky. 206, is not inconsistent with nor does it militate against the above conclusion. In that case, the indictment charged the commission of but one offense, but the nature of it was such that evidence could be offered of different acts, any one of which might constitute the offense charged in the indictment and sustain it, and it was held that if the attorney for the Commonwealth elected to rely upon one of those acts for conviction, it did not amount to a *nolle prosequi* as to the other acts, either of which constituted the offense charged in the indictment, and for which a similar indictment would lie. Hence the rule laid down in that case wherein the indictment charged only one offense could not be applicable to the state of case, where the indictment charged two or more different offenses. Hence there was no error in overruling the demurrer, but to conform to the requirements of the code and prevent confusion, an order of court should have been entered dismissing the other offenses charged in the indictment, but the failure to do so was not prejudicial to appellant.

(b) Upon the trial a witness for the Commonwealth deposed that he and appellant were on Sand Lick Creek, near the residence of I. N. Lewis, at which place appellant had a pair of saddlebags. Appellant put the saddlebags upon the ground, and the witness went into them and got whiskey out of them and drank it. There was no corroboration of this witness. The appellant then testified in his own behalf and deposed that at the time and place mentioned by the witness that he had no saddle bags, nor

whiskey, nor did he place the saddlebags upon the ground, nor did witness get any whiskey out of them. The Commonwealth's attorney then introduced three or four witnesses in rebuttal and asked them if they knew the reputation of the appellant among his neighbors and acquaintances "as to whether or not he was a bootlegger and liquor dealer." Over the objections of the appellant, the questions were asked and the witnesses were permitted to testify that they were acquainted with appellant's reputation as to that particular phase of his character, and that his reputation was that of a "bootlegger" and liquor dealer. It is the testimony given by these rebuttal witnesses of which appellant complains. It will be observed that the offense charged in the indictment was committed, if at all, before the enactment of the present statute upon the subject of transportation of intoxicating liquors, which became a law on March 22nd, 1922, and was therefore an offense against the prohibition statute, which is section 2554a-1, Ky. Stats., and which was enacted at the legislative session of 1920. Section 15, of the act of March 22, 1922, provides, that in any prosecution for any violation of that statute evidence that the defendant has a general reputation for "moonshining," "bootlegging," or being engaged in the illicit manufacture of or trade in intoxicating liquors, shall be admissible, but, there is no such provision in the act of 1920, for an offense against which the appellant was being tried, and hence the admissibility of such evidence in this case must depend upon the rules of evidence, which govern in the prosecution of other offenses. In the trial of any criminal or penal offense, the defendant may introduce evidence conducing to prove his previous good character upon the subject of the trait of character involved in the accusation. This evidence is for the purpose of showing, that it is probable, that he is not guilty of the offense charged. When a defendant has introduced such evidence in his behalf, the prosecution may rebut it by evidence that the accused has a bad character but, there is no principle of criminal jurisprudence better established, than that such evidence can not be offered against an accused, until he has first opened the door by offering evidence of his prior good character. Young v. Com., 6 Bush 312; Petty v. Com., 12 K. L. R. 919; Calhoun v. Com., 23 K. L. R. 1188; Lockard v. Com., 87 Ky. 201. Hence, the evidence as proof of guilt, was

not admissible as appellant made no attempt to prove his good character. Section 597, Civil Code, provides that a witness may be impeached by proving his general reputation for truthfulness to be bad, and also, his general reputation for morality to be bad for the same purpose. A defendant who converts himself into a witness in his own behalf may be impeached by evidence of reputation for want of veracity, and general bad character for morality, as any other witness may be and only in the same way. Lockard v. Com., 87 Ky. 201, *supra*. When the character of a defendant is assailed for immorality it is not primarily for the purpose of proving his guilt of the offense for which he is being tried, but, it is for the purpose of affecting the credibility as a witness, upon the theory that one who is vicious and immoral has not the incentives to tell the truth, as have those of purer character. A distinction must be drawn, however, between the testimony as to character which can be used to show guilt or innocence, or in civil actions to increase or diminish damages, and that which can be resorted to to destroy or impair the credibility of a witness. Section 597, *supra*, which authorizes the impeachment of a witness by testimony proving his bad moral character, also, provides, that such proof must be made by evidence of the general reputation of the witness for immorality, and not by evidence of particular wrongful acts, other than a conviction for a felony. Hence, when it is attempted to impeach a defendant, or any other witness, by evidence of his general reputation for immorality, it is his general moral character, which can be inquired into, but, not his general reputation or character as to any particular acts, which are ignominious or turpid. The inquiry should be confined to the whole or general moral character of the witness, and not his general reputation as regards a particular phase of his character, as the particular trait of his character, especially of a defendant, when a witness, that may be inquired into, may bear an analogy to the offense for which he is being tried, and the jury may accept it as evidence of his guilt of the offense and not as affecting the weight to be given his testimony. Eversole v. Com., 157 Ky. 478; McCutchen v. Liggins, 109 Ala. 457; Baker v. State, 51 Fla. 1; State v. Guy, 106 La. 8. Hence, the evidence complained of was incompetent, and ought not to have been admitted as the questions propounded related alone to the general re-

putation of the defendant for particular acts, or a particular trait going to make up his general moral character, and no one will undertake to say, that in the state of the evidence, the admission of such evidence was not prejudicial. On the cross-examination, the impeaching witnesses may be inquired of 'as to the source and extent of their knowledge of his general character, and then if a defendant shall have offered himself as a witness, and he is impeached for his general bad character, and the cross-examination develops particular traits of character, which are ignominious, he can not complain. Virgin v. Thurman, 18 B. M. 785.

(c) The contention that the motion for a peremptory direction to the jury to find a verdict of not guilty, should have been sustained, is without merit. Truly, the only witness for the Commonwealth and upon whose evidence the conviction was had, does not state that appellant was transporting the liquors from one place to another, but, from the fact, that the witness came in contact with the appellant, out upon a creek side, in the open, and that appellant had the whiskey in a pair of saddlebags, is evidence which would justify a jury in believing, that appellant had borne the liquor to the place of meeting with the witness.

The judgment is reversed and cause remanded for proceedings not inconsistent with this opinion.