## Franklin v. Commonwealth.

(Decided October 3, 1922.)

### Appeal from Letcher Circuit Court.

1. Indictment and Information—Joinders.—Sections 124, 126 and 127, Criminal Code, forbid the joining of more than one charge in an indictment, except in certain cases specified in said last section.
2. Criminal Law—Indictment and Information—Duplicity.—Where the Commonwealth elects, after demurrer to a duplicitous indictment, to try defendant for a single offense which is sufficiently charged in the bill, it is harmless error for the trial court to overrule the demurrer.
3. Intoxicating Liquors—Evidence.—Evidence examined and held to be sufficient to fully warrant the verdict of the jury in finding appellant guilty of selling liquor, and the verdict cannot be disturbed upon the ground that it is not supported by the evidence.

R. MONROE FIELDS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant Franklin prosecutes this appeal from a judgment of the Letcher circuit court finding him guilty of the offense of selling liquor and fixing his punishment at a fine of $300.00 and thirty days in jail. For a reversal of the judgmeint he relies upon three grounds: (1) The court erred in overruling appellant's demurrer to the indictment, which was duplicitous; (2) the evidence is insufficient to support the verdict; (3) the admission of incompetent evidence over the objection of appellant. The indictment of which complaint is made accuses appellant of unlawfully manufacturing, selling, bartering

giving away and keeping for sale and transporting, spirituous, vinous, malt and intoxicating liquors, committed in form and manner as follows, viz.: "The said Bradley Franklin on the 11th of January, 1922, in the county aforesaid did unlawfully manufacture and sell to F. F. Pendleton, barter and give away to divers persons whose names and number and identity are to the grand jury unknown, and keep for sale and transport from place to place spirituous, vinous, malt and intoxicating liquors other than for sacramental, medicinal, scientific and mechanical purposes, against the peace and dignity of the Commonwealth of Kentucky."

As will readily be seen from a reading of the aforesaid indictment, appellant is accused of several different offenses, and the specifications of the indictment charge him with the commission of several different offenses, to-wit, the manufacture, sale, keeping for purposes of sale, and transportation of intoxicating liquors for other than the purposes allowed by law. The indictment was, therefore, duplicitous and the general demurrer filed by appellant to said indictment should have been sustained thereto except for the election made by the Commonwealth to try appellant for the offense of selling liquor only. Undoubtedly the rules of good pleading prohibit the naming of two or more offenses in a single indictment. In construing said Code provision we have held that where the Commonwealth elects, after demurrer to a duplicitous indictment, to try defendant for a single offense which is sufficiently charged in the bill, it is harmless error for the trial court to overrule the demurrer. Mays and Terry v. Commonwealth, 194 Ky. 540; Lovelace v. Commonwealth, 193 Ky. 425; Walker v. Commonwealth, 193 Ky. 426, and other cases there cited.

(2) While the evidence is not absolutely conclusive of appellant's guilt, it was amply sufficient to warrant the jury in finding and returning the verdict of which complaint is made. The witness and another person met appellant on the street in Whitesburg one night about Christmas time and inquired of appellant if he had any whiskey, to which question appellant gave a negative answer. After some conversation, however, appellant told the witness that he believed the witness could get some liquor in another part of the town if appellant would go with him. There was other conversation undoubtedly which is not related by the witness, for it appears that the witness with appellant went to a nearby

restaurant, where the witness, in anticipation of finding liquor, obtained from the restaurant an empty quart bottle and then went with appellant across the river into another part of the town. When near Dr. Bentley's barn appellant told the witness that the liquor was under the shed of said barn and that the price was six dollars a quart, and directed the witness how to get the liquor and told him to place six dollars in the bank window. Following this direction the witness found the liquor, got a quart and left the six dollars in the bank window. He never saw appellant any more that night and did not know whether he got the money or not. Cases like this fathered the eleventh provision in the prohibition act, which reads: ''No trick, device, subterfuge or pretense shall be allowed to evade the operation or defeat the purpose of this law,'' and the court would have been justified in giving the jury an instruction in conformity to said provision. All the facts considered the jury was fully warranted in finding the defendant guilty of selling the liquor, and the verdict cannot be disturbed on the ground it is not supported by the evidence.

(3). Appellant testified that he did not make the sale. He was then asked by the attorney for the Commonwealth on cross-examination if he (appellant) had not said to I. D. Hall that he ''would not have let the witness have the whiskey if he had not misjudged the man; that he did not think he would tell it.'' To which he answered he did not make such statement but that he did say, after he was indicted, that he would have been afraid to have told the witness where he could get any whiskey for fear he would turn the fellow up. The Commonwealth called the witness, I. D. Hall, and propounded to him the question asked the appellant, to which Hall answered: ''He did not say it just that way.'' He said he told him where he could get it on the recommendation of Mr. Blair and that he intended to indict Mr. Pendleton for transporting whiskey. This response, in view of all the evidence, is contradictory of the statement made by appellant and the court did not err to the substantial rights of appellant in allowing it in rebuttal.

No error appearing to the prejudice of the substantial rights of appellant, the judgment is affirmed.

Judgment affirmed.