## Huddleston v. Commonwealth.

(Decided September 28, 1923.)

### Appeal from Cumberland Circuit Court

1. Criminal Law—Admissibility of Evidence not Considered in Absence of Objection and Exception.—The point that testimony was inadmissible because obtained illegally without a search warrant, cannot be considered on appeal where there was no objection or exception in the lower court.

2. Intoxicating Liquors—Evidence of Transportation Sufficient.—Testimony that accused was seen removing saddlebags from a mule, along with other evidence, held sufficient to support a finding that accused had transported the liquor.

W. E. MILLER for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Paul Huddleston was convicted in the Cumberland circuit court upon a charge of transporting intoxicating liquor and adjudged to pay a fine of $300.00 and serve sixty days in the county jail. He has appealed, insisting that the court erred in admitting incompetent testimony, and that the evidence adduced was not sufficient to warrant a judgment of conviction.

The testimony complained of was given by a police officer. The substance of it is that he saw appellant take a pair of saddle pockets from a mule and set them on the ground; that appellant then saw him and ran, leaving the saddle pockets in the road; and he proceeded to the place where they were, opened them, and found that they contained four fruit jars full of whiskey. The officer had no search warrant, and it is contended that his testimony was inadmissible. But the point was not made in the court below by an objection and exception to the testimony. Hence the question of its competency cannot be considered on this appeal. Dukes v. Commonwealth, 196 Ky. 60; Sorrels v. Commonwealth, 197 Ky. 761; Springs v. Commonwealth, 198 Ky. 258, and Hart v. Commonwealth, 198 Ky. 844.

Nor is the second contention sustainable. The basis of it is that the taking of the saddle bags from a mule and placing them on the ground did not constitute transportation within the meaning of the prohibition act. This

court has never defined the term "transport" as applied to intoxicating liquors other than in a general way in Dials v. Commonwealth, 192 Ky. 440. And it is not necessary to define the term as it related to the act of taking the saddle bags from the mule and setting them on the ground, since that fact, with other evidence in the record, was sufficient to justify the jury in believing that appellant had brought the liquor to the place where he was first seen with it by the officer. It was so ruled in Warrix v. Commonwealth, 195 Ky. 795.

The judgment is affirmed.