# Commonwealth v. Mullins.

Dec. 14, 1943.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellant.

G. C. Allen and Kash C. Williams for appellee.

OPINION OF THE COURT BY JUDGE REES—Certifying the law.

At the trial of Arliss Mullins for voluntary manslaughter the jury failed to agree, and this appeal is prosecuted by the Commonwealth for a certification of the law. The Commonwealth insists that the court erred in instructing the jury.

About 4 o'clock in the afternoon of August 31, 1942, Clem Joseph, Jr., a boy seven years old, was hit by an automobile driven by appellee on state highway No. 15 in Breathitt county, and died two days later in a hospital in Hazard, Kentucky. The deceased had been to school at Lost Creek, about one mile from his home, and had ridden to the point of the accident in a school bus. The bus stopped on the right-hand side of the road to discharge a number of its passengers, including the deceased. Several children alighted and deceased and another child began playing tag. His home was on the opposite side of the road, and he ran behind the bus diagonally across the road, and, as he crossed the center line, was struck by the automobile driven by appellee and knocked down. His head struck the concrete surface and his skull was fractured. According to some of the witnesses for the Commonwealth the deceased was struck about 30 or 40 feet behind the bus, and was dragged several feet. Appellee's car stopped about 100 feet behind the bus. Appellee testified that he saw the school bus standing on the side of the road as he approached from the opposite direction and when about 75 yards away. He brought his automobile under control and passed the standing bus at a speed of approximately 10 miles an hour. As the front end of his automobile reached the rear end of the bus the deceased ran from behind the bus immediately into the path of the automobile. He applied the brakes, but was unable to avoid striking the deceased. He said he saw the school bus parked on the side of the road and a number of children on the right of the bus. There was proof that children were being discharged from the bus when the accident happened.

The court, in instructing the jury, followed the instructions directed to be given in Jones v. Commonwealth, 213 Ky. 356, 281 S. W. 164. The Commonwealth insists that an element not present in the Jones case is present in the instant case, and that instruction No. 3 on

involuntary manslaughter should have included this element, to wit, appellee's failure to bring his automobile to a complete stop as he approached the school bus which had stopped on the highway for the purpose of discharging passengers, and his act in passing the bus while it was discharging passengers.

Involuntary manslaughter is the killing of another in doing some unlawful act not amounting to a felony and not likely to endanger human life and without intention to kill, or the killing of another while doing a lawful act in an unlawful or negligent manner where the negligence is not such as to indicate a disregard for human life. Hunt v. Commonwealth, 289 Ky. 527, 159 S. W. (2d) 23. "One who drives an automobile on the highway in such a manner as to violate the law of the road, or negligently and carelessly drives same so as to endanger the life or limbs or property of another on the highway, and in so doing strikes and kills another, is guilty of involuntary manslaughter." Cornett v. Commonwealth, 282 Ky. 322, 138 S. W. (2d) 492, 494. KRS 189.370 reads:

"(1) Whenever any school bus is stopped upon a highway for the purpose of receiving or discharging passengers, every operator of a vehicle approaching from any direction shall bring his vehicle to a complete stop and shall not start up or attempt to pass until the school bus has finished receiving or discharging passengers. The driver of the bus, after having stopped for the purpose of receiving or discharging passengers, shall permit all vehicles that have stopped as required by this subsection to proceed before again putting the school bus in motion.

"(2) The operator of a vehicle upon a highway outside a business or residence district upon meeting or overtaking any school bus which has stopped on the highway shall come to a complete stop and then may proceed with due caution for the safety of any children and may in no event drive in excess of ten miles per hour in passing the school bus.

"(3) Subsection (2) shall be applicable only if the school bus bears upon the front and rear a plainly visible sign containing the words 'school bus' in letters not less than four inches in height, which can be removed or covered when the vehicle is not in use as a school bus."

The Commonwealth's contention that the instruction on involuntary manslaughter should have contained a reference to the duties imposed by this section upon the driver of an automobile is sound, but we think subsection (2) rather than subsection (1) is applicable. The two subsections apparently conflict, but they are parts of the same act and must be harmonized if possible. City of Vanceburg v. Plummer, 275 Ky. 713, 122 S. W. (2d) 772. Subsection (2) applies only to a meeting between a vehicle and a school bus upon a highway outside a business or residence district. When subsection (1) is read alone it seemingly applies to a situation occurring on a highway either inside or outside a congested area, but when read in connection with the remainder of the Act it obviously was the intention of the Legislature to limit its applicability to situations not covered by subsection (2). So construed, the entire Act is consistent and harmonious. If appellee operated his automobile in violation of subsection (2) of the Act and while so operating it struck and killed the deceased, he was guilty of involuntary manslaughter. We think the evidence wholly failed to show that appellee recklessly or wantonly ran the automobile against the deceased, and if the evidence is substantially the same on another trial, the instruction on voluntary manslaughter should be omitted.

The foregoing is certified as the law of the case.