### Lewis v. Commonwealth.

Dec. 21, 1945.

W. H. Lewis for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

On the afternoon of August 21, 1944, appellant, accompanied by three other men, was driving his automobile along Highway 80 from Hyden to Hazard. State Highway 80, leading from Hyden to Hazard, runs southwardly along the west side of the Middle Fork River for about one-half mile, then turns eastwardly across a bridge over the river and up Hurt's Creek along the mountain side toward Hazard. A short distance beyond the bridge the road takes an up grade around a double U curve. While going up this grade, and just after passing this double curve, two boys, Earl Roberts and Clifford Lyons, Jr., appeared on a bicycle coming down the grade, one of the boys riding behind the other. The bicycle and the car driven by the appellant collided and the boys were almost instantly killed. The appellant was tried and convicted of voluntary manslaughter, from which he prosecutes this appeal.

He sets out a number of grounds for reversal, but in his brief he is insisting only upon three, namely:

"1. The evidence was not sufficient to warrant a submission of the case to the jury on the question voluntary manslaughter.

"2. The evidence was not sufficient to warrant a submission of the case to the jury on the question of involuntary manslaughter.

"3. The evidence showing conclusively that the killing of the deceased was purely an unavoidable accident, the court erred in refusing to instruct the jury to acquit the defendant."

In the light of the evidence hereinafter set out, there is no merit in contention 3 above. Since the question raised therein is comprehended in the other two contentions, we shall confine our discussion to them.

In the proper consideration of 1 above, it must be determined whether or not the evidence meets the tests and requirements as to voluntary manslaughter. In King v. Commonwealth, 253 Ky. 775, 70 S. W. 2d 667, 668, the following is a succinct statement of the law relative thereto: "It is well settled that if one operates an automobile upon the highway in such a manner as is likely to injure others using the highway and recklessly, wantonly, and with gross carelessness strikes and kills another, he is guilty of voluntary manslaughter. Jones v. Commonwealth, 213 Ky. 356, 281 S. W. 164. This principle is based upon the theory that a man intends the natural consequences of his act and that he is aware or ought to be aware of what will result from the reckless or grossly careless operation of an automobile, which becomes a dangerous instrumentality under such circumstances, although he actually has no intention to kill."

Testing by the above it becomes necessary to look at some of the salient facts determinative of that question.

Johnny Bray, occupant of the front seat with the appellant, testifying for the Commonwealth, stated that the appellant was driving about 30 miles per hour; that after they passed the second curve he saw the two boys coming down the road on a bicycle; that the appellant was driving his car on the right-hand side of the road in the direction in which he was driving, and that these boys were coming down the road meeting them on the boys' left-hand side and the driver's right-hand side of the road almost on the outer edge of the highway; that he remarked to the driver to be careful, and that just before the accident happened, it appeared to him the boys were trying to get off the bicycle and that the driver at the time of the accident was in the middle of the road.

Mrs. Belle Stewart, with her daughter and son-in-

law, who were waiting for a bus at a gravel pile near the bridge about 250 yards from where the collision took place, testified that as the appellant, with his three companions, passed them he was driving at a rather rapid rate of speed and was on the left-hand side of the road; that they heard the collision and that she and her daughter immediately went to the scene of the accident; that they observed the two boys lying some few feet apart on the right-hand side of the highway, and that there was glass and blood on the highway. The glass was near the center yet slightly on the right side of the road in the direction the car was traveling. The blood was on the left-hand side of the highway about half way between the center line and the outer edge. This was corroborated by her daughter and other witnesses.

The defendant testified that he was on his right-hand side of the road traveling toward Hazard and that when he first saw these boys, after having passed the two curves, they were about 150 feet away; that they were riding the bicycle on his side of the road near the outer edge of the highway; that they had their feet extended as though they were coasting, and that when they got within 12 or 15 feet of his car, the boy in front looked back at the other, at which time he seemed to lose control of the bicycle and it plunged to its right into appellant's car. This was corroborated by George Bowling, one of the occupants of the car, and in a measure by the testimony of the Commonwealth witness above, Johnny Bray.

Measured by the test of the King case above, we are strongly persuaded that the court erred in giving an instruction on voluntary manslaughter.

Appellant next complains that the evidence was not sufficient to warrant an instruction on involuntary manslaughter. We have said in Commonwealth v. Mullins, 296 Ky. 190, 176 S. W. 2d 403, 404, that: "Involuntary manslaughter is the killing of another in doing some unlawful act not amounting to a felony and not likely to endanger human life and without intention to kill, or the killing of another while doing a lawful act in an unlawful or negligent manner where the negligence is not such as to indicate a disregard for human life. Hunt v. Commonwealth, 289 Ky. 527, 159 S. W. 2d 23. 'One who drives an automobile on the highway in such a manner as to violate the law of the road, or negligently and carelessly

drives same so as to endanger the life or limbs or property of another on the highway, and in so doing strikes and kills another, is guilty of involuntary manslaughter.' ''

In the light of the above facts and the laws applicable, we believe the evidence justifies an instruction on involuntary manslaughter.

Wherefore, the judgment is reversed with directions that if the evidence is substantially the same on another trial, the instruction on voluntary manslaughter should be omitted.