## Penix v. Commonwealth.

October 6, 1950.

E. D. Stephenson, Judge.

588

E. J. Picklesimer and W. J. Ward for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

JUDGE REES—Affirming.

The appellant, Paris Penix, has been convicted of the crime of voluntary manslaughter and sentenced to serve a term of two years in the penitentiary. The indictment charged that while operating an automobile on the highway he did so in such a negligent, reckless, careless and wanton manner as to cause it to collide with an automobile occupied by Mrs. Dixie Gilland and to cause her death.

The collision between the two automobiles occurred about 4:30 or 5 o'clock in the afternoon on December 24, 1948, on Highway No. 23 several miles south of Pikeville. Harry Gilland and his wife, Dixie Gilland, residents of Huntington, West Virginia, were traveling south to Clintwood, Virginia, to visit relatives during Christmas. Gilland testified that he was driving his car on the right-hand side of the road at a speed of 30 or 35 miles an hour, and his wife was sitting on the front seat with him. The road curved sharply to the right at the point of the collision near the bottom of a hill. The car driven by appellant approached from the opposite direction traveling north at a high rate of speed, swerved to the left over the center line of the road, and its left front side struck the left front side of the Gilland car. The two cars came to rest on the right-hand side of the road in the direction in which Gilland was traveling with the front wheels of each on the berm of the road and the rear wheels of each on the concrete pavement. Mrs. Gilland was killed instantly. Several witnesses who appeared at the scene a few minutes after the collision testified that broken glass and mud and dirt from the automobiles were on the pavement west of the center line of the road, thus corroborating Gilland's statement that the collision occurred on his side of the road. Mrs. Gilland's body was carried onto the porch of Freeman Newsome's home which was located directly across the road from the point of the collision. Appellant was knocked out of his car and was carried to the Newsome home. Gilland testified that appellant was drunk, and cursed and used very abusive language until a neighbor quieted him. Ike Owens, a deputy constable, was sent for and he testified that he found appellant on Freeman Newsome's porch; that appellant was drunk; and he arrested him and his companion, Elmo Roberts. He looked in appellant's automobile and saw a half pint bottle half full of whisky. Two state policemen appeared on the scene, and Owens turned over to them the two arrested men who were taken to Pikeville and delivered to the jailer. The two state policemen testified that they examined appellant's car and found a bottle of whisky on the front seat and several bottles of beer in the rear part of the car. Several bottles were broken, and there was a strong odor of beer in the car. They testified that they

smelled the odor of alcohol on appellant's breath, and that both he and Roberts were drunk. Several neighbors who went to the scene of the collision testified to the same effect. Roberts testified that the whisky belonged to him, and both he and appellant denied that any beer was in the car. Appellant testified that he had not taken a drink of whisky or beer during the day. The overwhelming weight of the testimony, however, is to the effect that appellant was intoxicated at the time of the collision.

It is argued in appellant's behalf that the court erred in four respects; (1) In overruling the demurrer to the indictment; (2) in failing to give the whole law of the case; (3) in refusing to permit the jury to visit the premises; and (4) in admitting incompetent evidence offered by the Commonwealth.

The indictment charged two offenses; manslaughter, growing out of the death of Mrs. Gilland, and assault and battery on Mr. Gilland. A demurrer was filed, and the Commonwealth's Attorney elected to prosecute the appellant for the crime of manslaughter. Thereafter the court overruled the demurrer. Dismissal of the indictment as to the misdemeanor would have been the technically correct procedure, but when the Commonwealth elected to prosecute for only one of the offenses charged the failure to enter an order dismissing the charge as to the other offense was not prejudicial error. Criminal Code of Practice, Section 168; Hudson v. Commonwealth, 214 Ky. 578, 283 S.W. 1034; Franklin v. Commonwealth, 195 Ky. 816, 243 S.W. 1013; Warrix v. Commonwealth, 195 Ky. 795, 243 S.W. 1025.

The Court instructed the jury that if they believed from the evidence that Harry Gilland drove his car to the left of the center of the road or drove it at an excessive rate of speed and thereby caused the accident in which Mrs. Gilland was killed they should find appellant not guilty. It is argued that this instruction was insufficient in that it failed to tell the jury that they should acquit the appellant if they believed that Harry Gilland, driver of the car in which his wife was riding, was negligent and his negligence contributed to the accident to such an extent that but for such negligence it would not have occurred. Contributory negligence is not a defense to a charge of negligent homicide though

evidence of such negligence is competent as bearing on the question of the defendant's negligence. Lowe v. Commonwealth, 298 Ky. 7, 181 S.W.2d 409; Held v. Commonwealth, 183 Ky. 209, 208 S.W. 772; annotation in 67 A.L.R. 922. In Embry v. Commonwealth, 236 Ky. 204, 32 S.W.2d 979, 981, it was said: "Whatever may have been the former view of the courts on this question, it is now the general rule that contributory negilgence that would defeat a civil action for damages is not available as a defense to a prosecution for manslaughter as the result of negligence."

Appellant's argument that the court erred in refusing to permit the jury to view the premises where the collision occurred cannot be sustained. The evidence clearly described the road and the conditions existing at the time of the collision, and we can conceive of no assistance that a view of the premises where the alleged offense was committed would have afforded the jury. There was no conflict in the evidence as to where the collision occurred except as to whether it occurred on Gilland's or appellant's side of the road. Sending the jury to view the premises is a matter within the discretion of the trial court, and under the facts of this case there was no abuse of the court's discretion. Criminal Code of Practice, Section 236; Mitchell v. Commonwealth, 282 Ky. 844, 140 S.W.2d 624; Wireman v. Commonwealth, 290 Ky. 704, 162 S.W.2d 557.

Appellant's complaint of the evidence is directed to the testimony concerning beer found in his automobile. It is argued that Ike Owens, the first officer on the scene, failed to see the beer bottles and that the bottles seen later by other witnesses must have been planted by some one for the purpose of manufacturing evidence against appellant. Several witnesses testified that they saw the beer bottles in appellant's car. Ellis Younce was at the home of Freeman Newsome, and he and Newsome were the first persons at the scene of the collision. Younce carried Mrs. Gilland's body onto the Newsome porch, and he testified that he looked in the Penix car and saw the bottles on the rear seat or in the rear part of the car. The evidence was competent.

This court has been reluctant to affirm judgments of conviction of felonies in negligent homicide cases where the element of intoxication was absent, Middle-

ton v. Commonwealth, 304 Ky. 784, 202 S.W.2d 610, but it has upheld numerous convictions of voluntary manslaughter where, as here, there was evidence of intoxication and reckless driving. Raymer v. Commonwealth, 303 Ky. 418, 197 S. W.2d 903; Dixon v. Commonwealth, 302 Ky. 353, 194 S.W.2d 655; Newcomb v. Commonwealth, 276 Ky. 362, 124 S.W.2d 486.

The judgment is affirmed.