A. W. Mann, Ashland, for appellant.

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellee.

## FRAZIER v. COMMONWEALTH.

Court of Appeals of Kentucky.

Nov. 21, 1951.

CAMMACK, Chief Justice.

James Frazier was found guilty of voluntary manslaughter and sentenced to five years in prison. The basis of the charge was that Frazier was the driver of an automobile in which Miss Jacqueline Gordon was fatally injured. On this appeal Frazier concedes there was sufficient evidence to warrant the submission of the case to the jury on an involuntary manslaughter instruction, but insists vigorously that there was not sufficient evidence to warrant its submission under a voluntary manslaughter instruction.

We think Frazier's position is well taken. If there be another trial of the cause, the involuntary manslaughter instruction should be framed in keeping with the opinion in the case of Marye v. Commonwealth, Ky., 240 S.W.2d 852. There we said that such an instruction should be based upon the concept of gross carelessness or negligence rather than upon the concept of ordinary negligence.

 As said in the case of Lewis v. Commonwealth, 301 Ky. 268, 191 S.W.2d 416, to find one guilty of voluntary manslaughter there must be the killing of another in the performance of an act which is being done in such a reckless and wanton manner as to indicate disregard for human life. There was no evidence of drinking on the part of Frazier, so the rule discussed in the case of Penix v. Commonwealth, 313 Ky. 587, 233 S.W.2d 89, does not apply here.

Miss Gordon was killed when the car in which she and Frazier were riding, a 1941 Ford convertible coupe, turned over about midnight on a paved highway, south of Catlettsburg near the refinery. There was no eyewitness to the accident, though Nathan Murphy said he was walking along the highway as the car approached him and just before it turned over he jumped down a bank to get out of the way of the car. He said he thought the car was going 80 miles an hour. On cross examination it developed that he had not driven a car for some time. Murphy said also that he heard a woman scream just as the car passed him. Other witnesses, who were in a house some 50 feet from the highway, said they heard the car making considerable noise and going fast.

Frazier said he was driving around 40 or 45 miles an hour and that he asked Miss Gordon to light a cigarette for him and while she was doing so he pulled his car to the left to miss a rock in the highway and in so doing lost control of the car and it turned over. Miss Gordon's body was crushed and she died before regaining consciousness. There was no stone in the highway, but there was a break in the pavement near the place of the accident. Two mechanics said there were marks on the rim of the left front wheel which were made by the striking of an object. One witness said that, as he and Frazier were riding in the ambulance that was taking Miss Gordon to the hospital, Frazier told him Miss Gordon had got out of his car near the refinery and as he came back by that place she re-entered it.

As we have said, there was no evidence of Frazier's drinking, nor was there any evidence showing that he was doing any unlawful or reckless act, aside from the question of speed. Excessive speed was the only possible question which would have warranted the submission of the case to the jury under a voluntary manslaughter instruction. Murphy placed the speed of the car at a high rate, but he did not see the accident, having jumped over the bank just before it occurred. The car was approaching him at night and he said it had been a number of years since he had driven a car. The testimony of the witnesses who were in the house and said they heard the car go by, making considerable noise and going fast, was of little or no value on the question of speed. Under the circumstances, we do not think there was sufficient evidence to warrant the submission of the case to the jury on the question of whether Frazier was doing a lawful act in such a negligent and reckless manner as to indicate disregard for human life.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.