## JOHNSON v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 27, 1953.

R. M. Stephenson, Ashland, for appellant.

J. D. Buckman, Jr., Atty. Gen., and H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

DUNCAN, Justice.

Under an indictment charging voluntary manslaughter by the wanton and reckless operation of an automobile, the appellant was convicted and sentenced to eight years in the State reformatory. Upon his appeal, he insists that the judgment should be reversed because the evidence was not sufficient to support a voluntary manslaughter instruction and an instruction on sudden emergency should have been given.

On the afternoon of June 22, 1952, the appellant was proceeding alone in his 1941 Buick automobile in an easterly direction on Greenup Avenue in the city of Ashland. At or near 27th Street, his car left the street, ran over the curb on the right side, and struck three colored boys standing on the curb. One of the boys, George Owens, suffered injuries from which he died in a few hours. The evidence is conflicting as to events immediately preceding the accident. Appellant testified that as he approached the scene, traveling on the right side of the street at about 35 miles per hour, an automobile parked on the right side of the street suddenly pulled into the street immediately in front of his car; that he swerved to the left to avoid a collision and ran into a puddle of water on the left side of the street. As he ran into the water, he lost control of his automobile, applied his brakes, and veered back sharply to the right side of the street and ran over the curb on that side before he was able to regain control of his car. Appellant is corroborated by Paul Sammons, a twelve-year old boy, who was standing on the opposite side of the street from the place where the accident occurred.

Witnesses for the Commonwealth testified that appellant's car was traveling at a speed variously estimated at from 45 to 70 miles per hour immediately before it left the street. None of the witnesses for the Commonwealth observed any car other than appellant's, and it is denied that there was any puddle of water on the street. It is admitted, however, that it had been raining a short time before the accident.

Immediately after the accident, a half-pint bottle of whiskey, partly filled, was

found in a sack in appellant's car. Two arresting officers and a newspaper reporter who talked with appellant at the scene of the accident and after arrival at the police station testified that he was not intoxicated and there was no odor of whiskey about his breath. The only evidence indicating that appellant had been drinking is the testimony of the booking officer, who testified that he smelled whiskey while he was booking appellant at the police station on a charge of reckless driving. Appellant denied that he had been drinking and explained the presence of the whiskey in his car by stating that his wife had been drinking heavily and he had taken the whiskey from her possession for the purpose of hiding it.

We think the evidence was sufficient to support an instruction on voluntary manslaughter. Evidence of excessive speed alone may under certain circumstances support a charge of voluntary manslaughter. Frazier v. Commonwealth, Ky., 243 S.W.2d 914. The opinion of this Court in Penix v. Commonwealth, 313 Ky. 587, 233 S.W.2d 89, is not susceptible of the construction that a conviction for voluntary manslaughter will not be upheld in the absence of evidence of defendant's intoxication. There is no reason for such a rule and nothing said in the Penix opinion was intended to intimate that we were establishing such a standard.

A more serious question is presented with reference to the failure of the court to give an instruction on sudden emergency. This Court has consistently applied the sudden emergency rule and required its submission by an affirmative instruction in civil actions when justified by the facts. The necessity for the instruction in a criminal action was first recognized in Marye v. Commonwealth, Ky., 240 S.W.2d 852. It is not necessary to repeat here the discussion of the rule which appears in that opinion. We are unable to discern any substantial distinction between appellant's version of this accident and the facts in the Marye case. Upon authority of that case, the court should have given here an affirmative instruction on sudden emergency.

The Commonwealth argues that the failure to give the sudden emergency instruction was not prejudicial, and as a basis for the contention, it is asserted that the jury evidently did not believe appellant's version of the accident as indicated by the unusually heavy penalty which was imposed. We are unwilling to speculate on what the jury might have done under proper instructions. Sudden emergency was appellant's only defense and we think the failure to give an affirmative instruction submitting that theory was prejudicial.

The judgment is reversed.