**MOORE v. COMMONWEALTH.**

Court of Appeals of Kentucky.

Jan. 29, 1954.

Earle Cassady, Jasper H. Preece, Inez, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MILLIKEN, Justice.

Isaac Moore, twenty-six years of age, was convicted of the crime of voluntary manslaughter and given the minimum sentence of two years in the reformatory for the killing of Albert Chaffin, Jr., by running into him with an unloaded Ford pickup truck on Highway No. 40 in Martin County, March 1, 1952, about "dusk dark" that Saturday evening. The sole ground urged for reversal is the refusal of the trial judge to instruct on sudden emergency

in accordance with our recent decisions in Marye v. Com., Ky., 240 S.W.2d 852, and Johnson v. Com., Ky., 256 S.W.2d 527.

The sudden emergency which the appellant insists caused the accident was the sudden opening of the right door of his truck. The appellant had two companions with him at the time, and McKenzie Moore, the one nearest the door, was holding appellant's baby on his lap. When McKenzie said, "Catch the baby," the appellant declared, "I reached and grabbed hold of the baby when the door came open * * * and when I looked back at the road I seen some person, and I swerved the truck across the road." He did not apply his brakes or attempt to slow down the truck when he first learned the door was open. The truck skidded across to the left side of the highway after hitting the boy, and turned over about 120 feet from the point of impact. Sherlin Alley, who was walking with the deceased boy off the hard surface of the highway when the truck came up behind them, stated that it even struck his elbow after hitting his companion. Several witnesses testified that they smelled alcohol on the appellant's breath immediately after the accident, and that he was driving fast, all of which was denied by the appellant and his companions.

The sudden emergencies in the Marye and Johnson cases were not created by the defendants in those cases, nor caused by the vehicles they were operating. In the Marye case the sudden emergency was caused by the act of the driver of a car who unexpectedly pulled out directly in front of Marye's car from the wrong side of the highway. In the Johnson case the sudden emergency occurred when Johnson swerved his car to the left to avoid a car which suddenly pulled out from the curb directly ahead of him and which caused him to turn his car through a puddle of water which, in turn, caused him to lose control of it.

In both the Marye and Johnson cases the unanticipated acts of third persons were

present. In the case at bar, the door of the appellant's car flew open creating a condition which possibly endangered the safety of appellant's baby passenger. We are unwilling to extend the doctrine of the Marye case to cases of this type, and conclude that the instructions given by the court defining "reckless," "wanton," "carelessly," "negligently" and "ordinary care" adequately covered the situation.

The judgment is affirmed.